FILED IN MY OFFICE
DISTRICT COURT CLERK
11/29/2011 11:45:59 AM
GREGORY T. IRELAND
TJL

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

MARIO GARCIA,

    Plaintiff,

v.                            No. D-202-CV-2011-11810

NICOLE BREESE,
JANE DOE DISPATCHER,
OFFICER JONATHAN OVERSON, AND
CITY OF ALBUQUERQUE,

    Defendants.

## COMPLAINT FOR DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS, TORTIOUS CONDUCT AND VIOLATIONS OF THE NEW MEXICO INSPECTION OF PUBLIC RECORDS ACT

COMES NOW the Plaintiff, Mario Garcia, by and through his undersigned counsel Aaron & Aaron PC (Scott Aaron) and Wallin, Huss & Mendez, LLC, (Dennis K. Wallin, Brandon Huss, and Adolfo Mendez) and for his Complaint for Damages states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in Bernalillo County and in New Mexico because all of the parties reside or do business in Bernalillo County, New Mexico and the acts complained of occurred exclusively within Bernalillo County, New Mexico.

### PARTIES

2. Plaintiff, Mario Garcia, is an individual and resident of Bernalillo County, New Mexico.

3. Defendant Nicole Breese is an individual employed by the City of Albuquerque as a 911 operator and a resident of Bernalillo County, New Mexico.



4. Defendant Breese is sued in her individual and official capacity. She was acting under color of state law and within the scope of her employment at all material times.

5. Defendant Jane Doe Dispatcher is an individual employed by the City of Albuquerque as a dispatcher.

6. Defendant Dispatcher is sued in her individual and official capacity. She was acting under color of state law and within the scope of her employment at all material times.

7. Defendant Jonathan Overson is an individual employed by the City of Albuquerque as a police officer.

8. Defendant Officer is sued in his individual and official capacity. He was acting under color of state law and within the scope of her employment at all material times.

9. Defendant City of Albuquerque is a municipality within Bernalillo County, New Mexico.

## FACTUAL BACKGROUND

10. On June 17, 2010, Defendant Nicole Breese intentionally utilized equipment at the Albuquerque Police Department ("APD") to access National Crime Information Center ("NCIC") resources and run a search of Plaintiff's NCIC record.

11. Defendant Breese and Plaintiff were formerly in a personal relationship and have two young children together.

12. Defendant Breese did not have reasonable suspicion to conduct such a search and conducted the search with the intent to harass Plaintiff.

13. Defendant Breese's unreasonable search revealed an old invalid warrant for Plaintiff.

14. Defendant Breese called Plaintiff threatening him that she was going to send Albuquerque Police to arrest him for the warrant.

15. The warrant in the NCIC system had been resolved by the court with jurisdiction on February 2, 2009, but for reasons unknown at this time the warrant had not been removed from NCIC.

16. On June 18, 2010, Defendant Breese convinced a fellow 911 operator to generate a call for service against Plaintiff and to subsequently search Plaintiff's record in NCIC again.

17. The June 18, 2010 unreasonable search of Plaintiff's NCIC record again revealed the old warrant which had been resolved on February 2, 2009.

18. Defendant Breese contacted Defendant Jane Doe Dispatcher to send APD to Plaintiff's residence.

19. Defendant Officer Jonathan Overson responded to the call and went to Plaintiff's residence, but did not find him.

20. Defendant Breese conspired with Defendant Dispatcher to clone the earlier call, assign the call a different CAD number and re-dispatch Defendant Overson to Plaintiff's residence.

21. Defendant Overson returned to Plaintiff's residence upon receiving the second dispatch and found Plaintiff home.

22. Upon making contact with Plaintiff, Defendant Overson immediately placed Plaintiff in handcuffs.

23. Plaintiff's two young children were with him and became distraught at seeing their father placed in cuffs.

24. Defendant Overson used physical force and profanity against Plaintiff and threatened to put him on the ground.

25. Plaintiff feared that Defendant Overson was going to beat him.

26. Defendant Overson's supervisor arrived on the scene and confirmed that there was no warrant for Plaintiff's arrest.

27. Defendant Overson's supervisor explicitly instructed Defendant Overson to preserve his belt tape of the incident.

28. Defendant Overson subsequently made the belt tape unavailable, spoiling the evidence on the belt tape.

29. Plaintiff has made numerous public inspection requests under the New Mexico Inspection of Public Records Act for information relating to these incidents and has received no response from the City of Albuquerque.

30. Defendants had actual notice under the Tort Claims Act and Plaintiff provided timely written notice to the Defendant in accordance with the Tort Claims Act.

## COUNT 1: DEPRIVATION OF CIVIL RIGHTS BY THE ILLEGAL AND UNREASONABLE SEARCH IN VIOLATION OF THE U.S. AND NEW MEXICO CONSTITUTION

31. Plaintiff restates the preceding allegations as if fully stated herein.

32. Plaintiff has a Fourth Amendment right under the U.S. Constitution to be free from unreasonable governmental searches.

33. Plaintiff has a right under Article II, Section 10 of the New Mexico Constitution to be free from unreasonable governmental searches.

34. These constitutional rights are clearly established.

35. Plaintiff has a reasonable expectation of privacy that searches of his record in NCIC will not be performed without reasonable suspicion.

36. Defendant Breese intentionally and unreasonably searched Plaintiff's record in NCIC.

37. Defendant Breese intentionally and unreasonably caused a fellow operator to search Plaintiff's record in NCIC.

38. Defendant Breese's actions proximately caused damages to Plaintiff.

39. Defendant Breese's actions were intentional, willful and wanton.

### COUNT 2: PRIMA FACIE TORT UNDER THE NM TORT CLAIMS ACT AGAINST DEFENDANT BREESE

40. Plaintiff restates the preceding allegations as if fully stated herein.

41. Subsection A of Section 41-4-6 NMSA 1978 of the New Mexico Tort Claims Act ("TCA") waives immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 for damages caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of equipment.

42. Section 63-9D-10 NMSA 1978 of the New Mexico Enhance 911 Act ("E911 Act") waives immunity for willful or wanton negligence or intentional acts in transmitting 911 calls which result in damages.

43. Defendant Breese intended to cause Plaintiff harm and succeeded in doing so.

44. Defendant Breese intentionally used APD equipment to create a false call to improperly dispatch APD officers to Plaintiff's residence.

45. Defendant Breese intended that creating a false call would cause harm to the Plaintiff, including but not limited to an assault, battery, false arrest and false imprisonment.

46. Defendant Breese knew with certainty that creating a false call would cause harm to the Plaintiff.

47. Defendant Breese's creating a false call was a cause of Plaintiff's harm.

48. Defendant Breese's conduct was not justifiable under all the circumstances.

49. Defendant Breese's actions were intentional, willful and wanton.

### COUNT 3: PRIMA FACIE TORT UNDER THE NM TORT CLAIMS ACT AGAINST DEFENDANT DISPATCHER

50. Plaintiff restates the preceding allegations as if fully stated herein.

51. Subsection A of Section 41-4-6 NMSA 1978 of the New Mexico Tort Claims Act ("TCA") waives immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 for damages caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of equipment.

52. Section 63-9D-10 NMSA 1978 of the New Mexico Enhance 911 Act ("E911 Act") waives immunity for willful or wanton negligence or intentional acts in transmitting 911 calls which result in damages.

53. Defendant Dispatcher intended to cause Plaintiff harm and succeeded in doing so.

54. Defendant Dispatcher intentionally used APD equipment to clone a false call and to improperly dispatch APD officers to Plaintiff's residence.

55. Defendant Dispatcher intended that cloning a false call would cause harm to the Plaintiff, including but not limited to an assault, battery, false arrest and false imprisonment.

56. Defendant Dispatcher knew with certainty that cloning a false call would cause harm to the Plaintiff.

57. Defendant Dispatcher's cloning of a false call was a cause of Plaintiff's harm.

58. Defendant Dispatcher's conduct was not justifiable under all the circumstances.

59. Defendant Dispatcher's actions were intentional, willful and wanton.

### COUNT 4: ASSAULT, BATTERY, AND FALSE ARREST UNDER THE NM TORT CLAIMS ACT AGAINST DEFENDANT BREESE

60. Plaintiff restates the preceding allegations as if fully stated herein.

61. Section 41-4-12 NMSA 1978 of the TCA waives immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 for damages caused by the assault, battery, false arrest, and deprivation of rights by law enforcement officers while acting within the scope of their duties.

62. Defendant Breese is a law enforcement officer under the TCA because as a 911 operator she preserves the public peace by receiving 911 calls and ensuring an appropriate law enforcement response, including controlling the movements of other law enforcement officers.

63. Defendant Breese intentionally used APD equipment to create a false call to improperly dispatch APD officers to Plaintiff's residence.

64. Defendant Breese used the responding officer as her instrumentality to try to touch or apply force to Plaintiff.

65. Defendant Breese intended that the responding officer, as her instrumentality, would try to touch or apply force to Plaintiff.

66. Defendant Breese used the responding officer as her instrumentality to intentionally touch or apply force to Plaintiff.

67. Defendant Breese used the responding officer as her instrumentality to intentionally confine or restrain Plaintiff without consent.

68. Defendant Breese knew that there was no lawful authority to confine or restrain Plaintiff.

69. Defendant Breese acted in a rude, insolent or angry manner.

70. Defendant Breese's actions were intentional, willful and wanton.

**COUNT 5: ASSAULT AND BATTERY UNDER THE NM TORT CLAIMS ACT AGAINST DEFENDANT OVERSON**

71. Plaintiff restates the preceding allegations as if fully stated herein.

72. Section 41-4-12 NMSA 1978 of the TCA waives immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 for damages caused by the assault, battery, false arrest and deprivation of rights by law enforcement officers while acting within the scope of their duties.

73. Defendant Overson is a law enforcement officer under the TCA because as an APD officer he preserves the public peace, prevents and quells public disturbances, and enforces state laws.

74. Defendant Overson tried to touch or apply force to Plaintiff.

75. Defendant Overson intended to try to touch or apply force to Plaintiff.

76. Defendant Overson intentionally touched or applied force to Plaintiff.

77. Defendant Overson acted in a rude, insolent or angry manner.

## COUNT 6: INTENTIONAL SPOILIATION OF EVIDENCE UNDER THE NM TORT CLAIMS ACT AGAINST DEFENDANT OVERSON

78. Plaintiff restates the preceding allegations as if fully stated herein.

79. Section 41-4-12 NMSA 1978 of the TCA waives immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 for damages caused by the assault, battery, false arrest and deprivation of rights by law enforcement officers while acting within the scope of their duties.

80. Defendant Overson is a law enforcement officer under the TCA because as an APD officer he preserves the public peace, prevents and quells public disturbances, and enforces state laws.

81. Defendant Overson knew there was the potential for a lawsuit after his treatment of Plaintiff and after being explicitly instructed by his supervisor to preserve his belt tape.

82. Defendant Overson disposed of, destroyed, or mutilated his belt tape which had a recording of his interactions with Defendant Breese and with Plaintiff.

83. By this conduct, Defendant Overson's sole intent was to disrupt or defeat a potential lawsuit.

84. Defendant Overson's destruction or alteration of the evidence impaired Plaintiff's ability to prove his case.

85. Plaintiff suffered damages as a result of Defendant Overson's destruction or alteration of the evidence, including the deprivation of his rights.

### COUNT 7: VIOLATION OF THE NEW MEXICO INSPECTION OF PUBLIC RECORDS ACT

86. Defendant City maintains public records and is subject to the New Mexico Inspection of Public Records Act, NMSA 1978, § 14-2-1 et seq ("IPRA").

87. On August 31, 2010, Plaintiff sent a letter to Defendant City's attorney Robert Perry requesting to inspect public records maintained by Defendant City regarding the incident, including any and all belt tapes.

88. Section 14-2-8(D) of IPRA requires that a custodian of public records allow inspection of public records within fifteen days of receipt.

89. In violation of Section 14-2-8(D), Defendant City did not allow Plaintiff to inspect the records.

90. If an inspection is not permitted within three business days of a written request to inspect public records, Section 14-2-8(D) of IPRA also requires that a custodian of public records explain in writing when the public body will respond to the request.

91. In violation of Section 14-2-8(D), Defendant City provided no response whatsoever.

92. Defendant City never communicated to Plaintiff to make the request of a different department or person.

93. On September 23, 2010, Plaintiff contacted the Defendant City's legal department by phone and email advising Defendant that Plaintiff had received no response to its IPRA request.

94. Plaintiff's September 23rd email to Defendant City included as an attachment a scanned copy of Plaintiff's original IPRA request letter to Mr. Perry.

95. Again, in continuing violation of Section 14-2-8(D), Defendant City did not allow Plaintiff to inspect the public records and did not provide a written explanation for the denial.

96. On October 29, 2010, Plaintiff contacted the Defendant City's risk management department by phone and email once again advising Defendant City that Plaintiff had received no response to its IPRA request.

97. Plaintiff's October 29th email to Defendant City once again included as an attachment a scanned copy of Plaintiff's original IPRA request letter to Mr. Perry.

98. On May 20, 2011, Plaintiff contacted the Defendant City's attorney's office by email, and, for the third time, included as an attachment a scanned copy of Plaintiff's original IPRA request letter to Mr. Perry.

99. On June 15, 2011, Plaintiff contacted the Defendant City's attorney's office by email requesting the status of the matter.

100. As of the date of this filing, Plaintiff has not been allowed to inspect the records and has not been provided a written explanation for the denial.

101. Pursuant to Section 14-2-11(A), "[u]nless a written request has been determined to be excessively burdensome, a written request for inspection of public records that has not been permitted within fifteen days of receipt by the office of the custodian may be deemed denied."

102. As of the date of this filing, Plaintiff has not received written explanation of the denial.

103. The failure to provide written timely explanation of the denial is unreasonable.

104. Pursuant to Section 14-2-11(C)(2), Defendant City is liable for statutory damages of up to $100 per day.

105. Pursuant to Section 14-2-12(D), Plaintiff is entitled to damages, costs and reasonable attorneys' fees.

## REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court:

a. Enter an award for compensatory damages in an amount as yet undetermined, jointly and severally against all Defendants, including damages for emotional harm;

b. Enter an award for punitive damages in an amount as yet undetermined, severally against the individually named Defendants;

c. Find Defendant City in violation of the New Mexico Inspection of Public Records Act;

d. Enter an award for damages in the amount of $100 per day for violation of the New Mexico Inspection of Public Records Act;

e. Enter an award for costs and reasonable attorneys' fees for bringing this suit; and

f. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By _approved by email_
SCOTT AARON
Aaron & Aaron PC
PO Box 7536
Albuquerque, NM 87194-7536
(505) 796-6918
aaronlawoffice@gmail.com

&

By _/s/_
BRANDON HUSS
ADOLFO J. MENDEZ II
DENNIS K. WALLIN
Wallin, Huss & Mendez LLC
PO Box 696
Moriarty, NM 87035
(505) 832-6363
bh@whmlawfirm.com
Attorneys for Plaintiff