IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIO GARCIA,

    Plaintiff,

v.                                                        CIV 12-0056 KBM/LFG

NICOLE BREESE, ET AL.,

    Defendants.

## ORDER REMANDING CASE

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (*Doc. 4*), filed January 19, 2012 and fully briefed on February 3, 2012 (*Doc. 15*). Pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. *Docs. 7, 8.* Having carefully reviewed the parties' submissions, the relevant authorities, and being otherwise fully advised, I find that the Motion to Remand is well-taken and will be granted.

I.      **BACKGROUND**

Plaintiff originally filed this lawsuit in New Mexico's Second Judicial District on November 29, 2011. *Doc. 1-1.* In addition to the required summonses and returns of service, the state court record includes an Entry of Appearance and Defendant Nicole Breese's Notice of Peremptory Election to Excuse District Judge, the Honorable Alan Malott, filed by Assistant City Attorney Stephanie M. Griffin on January 10, 2012. *Doc. 2-1 at 23-26.* Eight days later, on January 18, 2012, Ms. Griffin filed a Notice of Removal on behalf of Defendants Ms. Breese, Officer Jonathan Overson, and the City of Albuquerque. *Doc. 1.* Plaintiff filed the instant Motion the next day, arguing that Defendant Breese's Notice of Peremptory Excusal constitutes

a waiver of the right to remove.  *Doc. 4*.

## II. LEGAL STANDARD

Defendants in state court cases involving a federal question are generally permitted to remove the lawsuit to federal court within thirty (30) days of service of the complaint.  *See* 28 U.S.C. §§ 1441(a) and 1446(b).  Waiver of the right to remove, however, may occur where the defendant "tak[es] some substantial offensive or defensive action in the state court action, indicating a willingness to litigate in the state tribunal, before filing a notice of removal with the federal court."  14B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2009).  For instance, federal district courts within the Tenth Circuit have found waiver to exist where a defendant filed a third-party complaint before seeking removal, *see Knudsen v. Samuels*, 715 F.Supp. 1505 (D. Kan. 1989), and where defendants failed to advise the state court of removal, choosing instead to await the state court's decision on dispositive motions, *see Direct Mortg. Corp. v. Keirtec, Inc.*, 478 F. Supp.2d 1339 (D. Utah 2007) and *In the Matter of Condemnation of Land*, 830 F. Supp. 1376 (D. Kan. 1993)(federal jurisdiction sought pursuant to 28 U.S.C. § 1353 and 25 U.S.C. § 345).  Waiver of the right to remove has also been found where a defendant served the plaintiff with discovery requests, filed a motion to dismiss, and scheduled a hearing on the motion to dismiss.  *See Chavez v. Kincaid*, 15 F. Supp.2d 1118, 1125 (D.N.M. 1998) (noting that these actions "manifest[] an intent to proceed in state court").

## III. DISCUSSION

While there appears to be no controlling case law in the Tenth Circuit, I am persuaded that Defendants' exercise of a peremptory challenge to the assigned judge in state court manifests an intent to proceed in that forum.  If not, such a challenge would prove an empty act

if removal to federal court was intended.  To hold otherwise could encourage judge-shopping by providing an alternative avenue if the newly reassigned judge were deemed less preferable to the option of a federal judge.  It does not appear that this was Defendants' intention.[1]  Yet, I believe that it would be an unwise course to allow subjective, as opposed to objective, inquiry into the actual motive in determining the waiver of right to remove.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Remand (*Doc. 4)* is **granted**.  This matter is remanded to the Second Judicial District Court of New Mexico for further proceedings.

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**

---

[1] I note specifically that no state district judge had been reassigned as of the date Defendants filed their Notice of Removal.  (*Doc. 13* at 3.)